NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0778n.06

No. 11-5142

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| STEPHEN A. ESWAY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

FILED
**Jul 18, 2012**
LEONARD GREEN, Clerk

BEFORE:  COLE and COOK, Circuit Judges; ROSEN, Chief District Judge.[*]

PER CURIAM.  Stephen A. Esway, a federal prisoner, appeals his conviction and sentence following a jury trial.  Esway was found guilty of wire fraud and sentenced to 57 months of imprisonment.  He was also ordered to pay restitution to Staples, Inc. in the amount of $245,417.18.

Esway argues that the district court erred in calculating the amount of loss for purposes of determining his offense level, as well as the amount of restitution.  He also argues that his counsel was ineffective in failing to object to these calculations and in failing to inform him of plea offers by the government.

The evidence at trial showed that Esway had defrauded Staples over a period of years.  Esway would buy expensive software and then "return" educational versions of the software worth hundreds of dollars less, which the stores did not even carry, using copies of the original receipt and altered UPC codes, at stores in many different locations.  The government showed that Esway had obtained

---

[*]The Honorable Gerald E. Rosen, Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

"refunds" totalling $241,861.85 more than the total amount of merchandise he purchased at Staples. The jury returned a guilty verdict.

The presentence report calculated Esway's offense level based on an amount of loss between $200,000 and $400,000. The amount of loss was calculated at $245,417.18, which included estimated losses to retailers other than Staples that Esway had defrauded on a smaller scale. The report arrived at a sentencing range of 46 to 57 months. The district court imposed a 57-month sentence and ordered Esway to pay restitution to Staples in the amount of $245,417,18. Counsel for Esway made only a general objection to the sentence.

We review the sentence in this case for plain error, because the general objection offered by defense counsel deprived the district court of the opportunity to correct any error. *See United States v. Simmons*, 587 F.3d 348, 357-58 (6th Cir. 2009). Here, the government concedes that the district court plainly erred in ordering Esway to pay restitution to Staples in an amount that included losses to other retailers.

Esway objects to both the amount of restitution and the amount of loss on which his offense level was based. However, he confuses the two concepts, and his arguments regarding the amount of loss cite to authority governing the calculation of the amount of restitution. For example, *United States v. Jones*, 641 F.3d 706, 714 (6th Cir. 2011), and *United States v. Sosebee*, 419 F.3d 451, 459 (6th Cir. 2005), concern the calculation of restitution, but Esway cites them for propositions regarding calculation of the amount of loss. The amount of loss is not limited to what was alleged in the indictment and found by the jury, as is the amount of restitution, but may include relevant uncharged conduct. *See United States v. Maken*, 510 F.3d 654, 657-58 (6th Cir. 2007). The court need only make a reasonable estimate of the amount of loss. *United States v. Brawner*, 173 F.3d 966, 971 (6th Cir. 1999). In any event, even if the amount of loss had been calculated based only

on the losses to Staples, it would not have changed the sentencing range calculation. *See United States v. Quigley*, 382 F.3d 617, 623 (6th Cir. 2004).

A claim of ineffective assistance of counsel cannot be raised on direct appeal unless the merits of the claim can be assessed on the record. *United States v. Williams*, 612 F.3d 500, 508 (6th Cir.), *cert. denied,* 131 S. Ct. 367 (2010). Here, Esway argues that his counsel was ineffective in failing to object to the calculations of the amount of restitution and the amount of loss. The error in the amount of restitution will be corrected on remand. The claim of error in the amount of loss is without merit. Esway also argues, in a conclusory fashion, that counsel failed to convey an offer or offers of plea agreements. There is no evidence on the record from which this claim can be assessed. Therefore, it cannot be raised on direct appeal.

Accordingly, we affirm the district court's judgment in part and vacate and remand in part. On remand, the district court should correct the judgment to indicate that the amount of restitution owed to Staples is $241,861.85.